IN RICHMOND SUPERIOR COURT, JUNE TERM, 1831.

THOS. S. MARTIN, *vs.* Administrator of I. W. FYFFE.

### Attachment. *Verdict for plaintiff, and motion for new trial.*

A merchant's and shop-keeper's books are evidence to prove the sale and delivery of goods, when it is shown that the books offered are of original entry—are in his hand writing—that he keeps fair books—has had dealings with the person charged, and that he kept no clerk:

Or if he kept a clerk who is dead.

When books are introduced, they are open to remark from the court, and to the strictest scrutiny by the jury, and if there be the least suspicion of fraud or un-

THIS attachment was sued out during the life of the intestate, and has been revived against his administrator. The declaration contains two counts, one upon a promissory note, the other for goods, wares, and merchandize, sold and delivered. No evidence was before the jury upon the first count, plaintiff having entirely failed in proving the note, which was denied on oath by defendant. Upon the second count the only evidence of sale and delivery offered, was plaintiff's book of original entries which was objected to by defendant's counsel, because at the time the entry was made, which was in plaintiff's own hand writing, he kept two clerks, both of whom wrote in his books. The objection was overruled, it being in proof that the clerks were dead. A merchant's and shop-keeper's books are, by constant practice, received as evidence to prove the sale and delivery of goods, when it is shown that the books offered are of original entry, are in his hand writing, that he keeps fair books, has had dealings with the person charged, and that he kept no clerk. In this case every preliminary proof was made but the last, which could not be made, as in fact the plaintiff did keep clerks. This sort of proof should be received and weighed with great caution, as it is an exception from a fundamental and very salutary rule of evidence, that a man shall not be permitted to

make testimony for himself : but it is an exception our courts have found it necessary to make, for the cause of truth and justice, and for the relief of those among us, (and they are not a few,) whose business obliges them to extend credit, but who cannot afford to keep clerks. Every guard should be thrown around a cause necessary to secure it from being prejudiced by such testimony framed to suit an occasion ; hence the preliminary proofs always required. Had this plaintiff kept no clerks, his book would have been received without objection : had the entry been in the hand-writing of one of the clerks, he being dead, the book might unquestionably have been received ; but the entry happens to be in the plaintiff's own hand writing, and the only persons who may be supposed to have any knowledge of the affair are dead. Upon what principle does the case of the plaintiffs differ from that of one who kept no clerk ? They are both alike dependent on their books for proof of sale and delivery, as they contain the only evidence of it. The testimony is only admitted in any case, as matter of necessity, arising from the want of better ; and there is no particular merit in not keeping a clerk, nor particular fault in making an entry in one's own books. Whenever books are received they are open to remark from the court, and are subject to the strictest scrutiny of the jury, and if there be the least suspicion of fraud or unfair dealing, they will be disregarded. In this case had the clerks been in life, they should have been examined ; but being dead, the only evidence left the plaintiff was his book of original entries, and there can be no danger in extending the exception from the general rule to a case such as this. The principal difficulty that the court finds arises out of the entry itself, which is simply, " Bills receivable to merchandize," and this additional entry, " Rec'd Isaac W. Fyffe's note for goods sold him this day, at 60 days, for $703,81."

By our judiciary act, a plaintiff is required, plainly, fully and distinctly, to set forth his cause of action. The count in the declaration here contains but the general allegation, for goods, wares and merchandize sold and delivered, and is without a bill of parcels ; which defect would have been fatal if insisted on according to the rule of court, but was waived by the defendant's consenting to go to trial without demanding it. Yet, though waived, the necessity of proving the particular goods sold was not dispensed with. The entry is too general, of itself, to prove the sale and delivery of any particular goods. From this it cannot be known what one article, among the almost infinite variety of articles classed under the head of merchandize, was sold and delivered to the defendant ; nor whether the price is just and reasonable, or unfair and exorbitant. To take the whole case, declaration and proof together, and it is impossible the defendant can be apprized, for what he is sued, or know against what he is to

*Margin notes:*

RICHMOND, June, 1831.

MARTIN *v.* Administrator of FYFFE.

fair dealing they will be disregarded.

A general declaration for goods, wares and merchandize, without a bill of parcels, is bad.

And where the account sued on was a single item charged in the books, thus :— " *Bills receivable to merchandize,*' and a verdict had been rendered for plaintiff, the court granted a new trial, declaring that the entry was too general to prove the sale and delivery of any particular goods, and although defendant had waived the bill of parcels, plaintiff must prove particular goods.

3

RICHMOND,
June, 1831.

MARTIN
v.
Administrator of
FYFFE.

defend. And besides the entry itself showed an outstanding security. There was an objection made to any proof whatever under this count because the attachment was sued out upon the note only. This objection was overruled, it appearing that before declaration filed, the attachment had been dissolved by defendant's giving special bail, and being in court might well be thus declared against. What effect this may have on the bail is a distinct question. The court has not changed the opinion it then expressed, but the point is open for argument, should the defendant in the future progress of the cause think proper to urge it.

As the court is not satisfied with the verdict for the reasons assigned in reference to the proof derivable from the entry in plaintiff's book, and believing as it does that justice requires a new trial; it is ordered that the verdict be set aside, and a new trial granted.